UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

SUNTRUST MORTGAGE, INC.,

    Plaintiff,

v.

SECURITY NATIONAL MORTGAGE
COMPANY,

    Defendant.

Civil Action No. 3:12-CV-389

## MEMORANDUM OPINION

THIS MATTER is before the Court on a Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) filed by Defendant Security National Mortgage Company ("Security National"). (Doc. No. 4.) For the reasons stated below, the Court DENIES the Motion.

### I. BACKGROUND

This controversy arises from a Correspondent Loan Purchase Agreement ("Agreement") in which Security National agreed to sell certain residential mortgage loans to Plaintiff SunTrust Mortgage, Inc. ("SunTrust"), which SunTrust later sold to third-party investors. The parties entered into the Agreement on or about March 30, 2006. SunTrust alleges that pursuant to the provisions in Section 17.1 of the Agreement, Security National represented and warranted for each mortgage loan sold to SunTrust that the mortgage and the associated loan documents were valid, genuine, binding, and enforceable. Section 17.3 of the Agreement also provides that each loan sold to SunTrust will comply with the underwriting and credit requirements set forth in SunTrust's Manual. Section 17.11 of the

Agreement further warrants that there are no circumstances with respect to the loan, secured property, Borrower, or the Borrower's credit that could reasonably be expected to render the mortgage an unacceptable investment or negatively impact its marketability. In addition, SunTrust alleges that pursuant to Section 22 of the Agreement, Security National agreed to indemnify SunTrust for any losses arising from the loans.

On or about November 16, 2006, Sam Dickey ("Dickey") obtained a mortgage loan from Security National in the amount of $656,000.00, secured by a deed of trust on real property located in Idaho. Security National sold the Dickey mortgage loan to SunTrust on December 5, 2006, and SunTrust, in turn, sold the loan to Bank of America, N.A. ("Bank of America") on January 24, 2007. Bank of America notified SunTrust on June 1, 2010 of SunTrust's obligation to repurchase the loan due to incorrect and missing tax information, in addition to insufficient borrower assets and a flaw in the Truth-in-Lending disclosure provided to the borrower. As a result, SunTrust repurchased the loan from Bank of America on October 18, 2010 for $636,489.75, and sold the loan to a third party on January 24, 2011 for $425,000.00. SunTrust alleges that it has incurred losses totaling $305,630.64 in relation to the Dickey loan and that it requested by a June 16, 2011 letter that Security National indemnify SunTrust for these losses. SunTrust claims in its Complaint that Security National has failed to indemnify SunTrust from the losses associated with the Dickey loan.

SunTrust's Complaint, filed May 23, 2012, alleges one count of breach of contract against Security National. SunTrust requests damages for the losses it incurred as a result of repurchasing the Dickey loan from Bank of America and subsequently re-selling the Dickey loan.

## II. STANDARD OF REVIEW

A motion to dismiss for failure to state a claim upon which relief can be granted challenges the legal sufficiency of a claim, rather than the facts supporting it. Fed. R. Civ. P. 12(b)(6); *Goodman v. Praxair, Inc.*, 494 F.3d 458, 464 (4th Cir. 2007); *Republican Party of N.C. v. Martin*, 980 F.2d 943, 952 (4th Cir. 1992). A court ruling on a Rule 12(b)(6) motion must therefore accept all of the factual allegations in the complaint as true, *see Edwards v. City of Goldsboro*, 178 F.3d 231, 244 (4th Cir. 1999); *Warner v. Buck Creek Nursery, Inc.*, 149 F. Supp. 2d 246, 254-55 (W.D. Va. 2001), in addition to any provable facts consistent with those allegations, *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984), and must view these facts in the light most favorable to the plaintiff. *Christopher v. Harbury*, 536 U.S. 403, 406 (2002).

To survive a motion to dismiss, a complaint must contain factual allegations sufficient to provide the defendant with "notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). Rule 8(a)(2) requires the complaint to allege facts showing that the plaintiff's claim is plausible. *Twombly*, 550 U.S. at 555 n.3. The Fourth Circuit has explained that "'naked assertions' of wrongdoing necessitate some 'factual enhancement' within the complaint to cross 'the line between possibility and plausibility of entitlement to relief.'" *Francis v. Giacomelli*, 588 F.3d 186, 193 (4th Cir. 2009) (quoting *Twombly*, 550 U.S. at 557). Therefore, the "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 540 U.S. at 545. The Court need not accept legal conclusions that are presented as factual allegations, *id.* at 555, or "unwarranted

3

inferences, unreasonable conclusions, or arguments," *E. Shore Mkts., Inc. v. J.D. Assocs. Ltd. P'ship*, 213 F.3d 175, 180 (4th Cir. 2000).

When adjudicating a motion to dismiss, a district court may consider the complaint, its attachments, and documents "attached to the motion to dismiss, so long as they are integral to the complaint and authentic." *Sec'y of State for Defence v. Trimble Navigation Ltd.*, 484 F.3d 700, 705 (4th Cir. 2007).

### III. DISCUSSION

Under Virginia law, it is well-settled that mutuality of obligation is essential to a valid contract. *Crews v. Sullivan*, 133 Va. 478, 485 (1922). "[W]here the consideration for the promise of one party is the promise of the other party, there must be absolute mutuality of engagement, so that each party has the right to hold the other to a positive agreement. Both parties must be bound or neither is bound." *Am. Agric. Chem. Co. v. Kennedy & Crawford*, 103 Va. 171, 176 (1904). Sufficient mutuality of obligation exists when the parties each make promises to act or refrain from acting for the benefit of the other, even "when [the promises] may relate to different terms of the contract and may be conditioned upon performance by the other party." *C.G. Blake Co. v. W.R. Smith & Son, Ltd.*, 147 Va. 960, 971–72 (1926).

Whether mutuality of obligation exists is determined at the time that the contract is sought to be enforced rather than the time that the contract was created. *Schwam v. XO Commc'ns, Inc.*, No. 05-1060, 2006 U.S. App. LEXIS 7428, at *9-10 (4th Cir. Mar. 24, 2006) (per curiam); *see Asberry v. Mitchell*, 121 Va. 276, 281 (1917) (testing mutuality by looking at the parties' performance at the time a party sought to enforce the contract). A contract

4

that lacks mutuality at the time that it is created, therefore, may nonetheless be enforceable if the parties subsequently act in a manner indicating their intent to be bound by the contract.

In support of its Motion to Dismiss, Security National makes two arguments regarding the Agreement: (1) the Agreement is unenforceable because there is a lack of mutuality of obligation, and (2) the parties' performance under the Agreement does not cure the lack of mutuality. Security National claims that there is no mutuality of obligation because Section 3.4 of the Agreement gives SunTrust "unfettered discretion to modify" the Agreement. (Def.'s Mem. in Supp. 8.) Section 3.4 of the Agreement, in relevant part, reads as follows:

> The Manual is incorporated herein by reference and shall be deemed to be an inseparable part of this Agreement. All Mortgage Loans purchased pursuant to the Agreement shall be subject to the terms of the Manual and this Agreement. In the event of any inconsistency between the provisions of the Manual and the provisions of this Agreement, the provisions of the Manual shall prevail over and supersede the inconsistent provisions of this Agreement. Purchaser reserves the right to amend or modify the Manual (including, without limitation, by adding new provisions of the same or a different nature as the existing provisions of the Manual, or by deleting provisions of the Manual) in its sole discretion from time to time. (Compl. Ex. 1.)

Security National asserts that this language allows SunTrust to defeat the terms of the Agreement by adding, deleting, or otherwise changing conflicting provisions to the Manual in its sole discretion, which then override any conflicting language in the Agreement. Accordingly, Security National argues that SunTrust has an unlimited power to change any term at any time, thereby destroying mutuality and rendering the Agreement unenforceable. In addition, Security National argues that the parties' performance on the contract up to this point does not cure the lack of mutuality because SunTrust retains the

5

ability to change any of the terms of the Agreement pursuant to Section 3.4. (Def.'s Mem. in Supp. 12.)

In four prior cases involving the same SunTrust loan purchase agreement, this Court has denied motions to dismiss based upon arguments identical to the arguments that Security National presents here. *See SunTrust Mortgage, Inc., v. Security First Bank*, 3:11-CV-704, Dk. No. 14 (Spencer, J.); *SunTrust Mortgage, Inc., v. Patriot Bank, d/b/a Bancplus Mortgage*, 3:11-CV-695, Dk. No. 15 (Payne, J.); *SunTrust Mortgage, Inc., v. Simmons First National Bank*, 3:12-CV-80, Dk. No. 12 (Gibney, J.); *SunTrust Mortgage, Inc., v. Old Second National Bank*, 3:12-CV-99, Dk. No. 16 (Gibney, J.). SunTrust cites these prior cases in arguing that the Motion to Dismiss filed in the instant case should similarly be denied. Notably, Security National acknowledges that the Court has repeatedly rejected the exact argument made in the instant Motion to Dismiss, and offers no reasons as to why the Court should depart from its prior holdings on this issue. (Def.'s Mem. in Supp. 2 n.1.) For the reasons detailed in the Court's Memorandum Opinion in *SunTrust Mortgage, Inc., v. Security First Bank* and *SunTrust Mortgage, Inc., v. Simmons First National Bank*, and as briefly summarized below, the Court finds the Agreement enforceable and DENIES Security National's argument for dismissal pursuant to Rule 12(b)(6).

As this Court has previously noted regarding the SunTrust loan purchase agreement at issue here, "[w]hether the Agreement . . . satisfies the test of mutuality is a close call," since "it seems SunTrust could change the terms of the Manual and apply them retroactively to the loans at issue." *SunTrust Mortgage, Inc., v. Security First Bank*, 3:11-CV-704, Dk. No. 14 at 10. The Court, however, has previously declined to determine conclusively whether the Agreement had mutuality at the time of its creation because the

parties' performance of the contract following formation has sufficiently evidenced their intent to be bound, thereby curing any flaws in the mutuality of obligation. *See id.*; *SunTrust Mortgage, Inc., v. Simmons First National Bank*, 3:12-CV-80, Dk. No. 12 at 4.

In the case at hand, the Court is satisfied that the parties' performance after the contract was formed renders the Agreement enforceable, even if the Agreement lacked mutuality when it was formed. The Agreement entered into on March 30, 2006 concerned multiple residential mortgage loans, and SunTrust purchased the Dickey loan from Security National pursuant to the Agreement on December 5, 2006. There is no evidence that during the more than eight months after the formation of the contract and before SunTrust purchased the Dickey loan, or at any point thereafter, that SunTrust terminated or modified the terms of the Agreement with respect to any loan. Furthermore, SunTrust was notified of the problems with the Dickey loan in June 2010 and sought to enforce the indemnification provision in the Agreement against Security National in June 2011. There are no allegations even suggesting that SunTrust modified any terms of the Agreement during this year-long period in which SunTrust considered Security National to have breached the Agreement but had not yet sought to enforce the Agreement against Security National.

In contrast with Security National's argument that the parties' post-formation conduct does not cure a lack of mutuality because SunTrust retained the ability to alter the Agreement, this Court has previously held with respect to the same Agreement that "[i]t is ultimately insignificant that SunTrust, even at the time the contract is sought to be enforced, appears to retain the authority to make any changes it desires to the Agreement." *SunTrust Mortgage, Inc., v. Security First Bank*, 3:11-CV-704, Dk. No. 14 at 12. Despite the

fact that SunTrust was free to alter the Agreement, there is no suggestion that SunTrust acted inconsistently with the Agreement, and instead, the actions of both parties indicate that they each considered themselves bound by the Agreement and treated it as an enforceable contract. *See Cauvel v. Schwan's Home Serv. Inc.*, No. 6:10-CV-00012, 2011 U.S. Dist. LEXIS 13440, at *20-23 (W.D. Va. Feb. 10, 2011) (holding that a Sales Incentive Plan was enforceable even though the employer had absolute control over the plan because the employer had performed acts consistent with the agreement indicating the employer's intent to be bound, and had not changed the terms of the plan during the time at issue). Because the parties' conduct following formation of the contract in this case demonstrates their intent to be bound by the Agreement, any lack of mutuality upon the formation of the contract is thereby cured, and the Agreement is enforceable.

## IV. CONCLUSION

For the reasons stated above, the Court DENIES Security National's Motion to Dismiss under Rule 12(b)(6).

Let the Clerk send a copy of this Memorandum Opinion to all counsel of record.

An appropriate Order shall issue.

/s/ _____
John A. Gibney, Jr.
United States District Judge

ENTERED this 17th day of September 2012